**COMMONWEALTH of Pennsylvania, DEPARTMENT OF GENERAL SERVICES, Petitioner**

**v.**

**The BOARD OF CLAIMS, Oldcastle Precast Modular Group, McGregor Industries, Inc., Lighthouse Electric Company, Inc., Kirby Electric, Inc., C&M Contracting, Inc., W.G. Tomko, Inc., Pro–Spec Painting, Inc., and Miller Bros. Construction, Inc., Respondents.**

Commonwealth Court of Pennsylvania.

Argued June 8, 2005.
Decided Aug. 16, 2005.

---

OPINION BY Judge SMITH–RIBNER.

The Board of Claims (Board) and Oldcastle Precast Modular Group, McGregor Industries, Inc., Lighthouse Electric Co., Inc., C&M Contracting, Inc., W.G. Tomko, Inc., Kirby Electric, Inc. and Miller Bros. Construction, Inc. (collectively, Respondent Contractors) have filed preliminary objections to the petition for review in the nature of a complaint for declaratory judgment filed in the Court's original jurisdiction by the Department of General Services (DGS) on February 10, 2005. DGS filed its action under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541. DGS requests the Court to declare that the Pennsylvania Constitution prohibits the Board from entering an award in the underlying claims filed by Respondent Contractors against DGS that exceeds the remaining state funds appropriated against the contract for construction of the State Correctional Institution at Forest County (SCI) or, alternatively, to declare that the Constitution prohibits DGS from paying an unfunded sum to Respondent Contractors. DGS also asks the Court to declare that the available funds appropriated should be awarded to Respondent Contractors on a *pro rata* basis.

Gregory E. Dunlap, Harrisburg, for petitioner.

P. Jeffrey Hill, Bloomsburg, for respondent, Miller Bros. Construction, Inc.

Roy S. Cohen, Philadelphia, for respondent, Lighthouse Electric Company, Inc.

BEFORE: COLINS, President Judge, and McGINLEY, J., SMITH–RIBNER, J., FRIEDMAN, J., LEADBETTER, J., COHN JUBELIRER, J., and LEAVITT, J.

I

DGS avers in its petition for review that on February 6, 1996 former Pennsylvania Governor Thomas Ridge submitted a proposed capital budget to the General Assembly that included a request for funds to construct a new 1000–cell medium security prison for adult offenders at the SCI. The General Assembly approved the project, and the total amount of funds ultimately allocated for DGS Project 377–1 was $139,955,759.48. DGS awarded twenty-

three construction contracts for the project, including those to Respondent Contractors, who filed claims with the Board seeking $16,577,950.22 in damages arising out of the construction project. DGS stated in its petition that the amount claimed exceeds the available balance of $39,989.29 of funds appropriated for the project. Also, DGS notes that $128,214,000 represents the funds appropriated by the General Assembly against the project contracts while the remaining sums allocated do not constitute funds "appropriated" to the project.[1]

DGS further averred that a Board award exceeding $39,989.29 would violate Article III, Section 24 of the Constitution (no money shall be paid from the treasury except on appropriations made by law) and Article VIII, Section 7(a) (Commonwealth may incur debt only by law and in accordance with that section). DGS admits its potential liability in excess of $39,989.29 but posits that the Board may only award an amount from funds appropriated against the contract out of which the claims arose. In short, DGS asserts that the Board cannot make unfunded awards; that DGS' sovereign immunity limits the Board's ability to award more than $39,989.29; that courts may not compel DGS to pay an unfunded award; that DGS has no power to direct payment of an award in excess of the sums appropriated;

and that the preferred distribution method is to apportion available funds on a *pro rata* basis.

The Board and Respondent Contractors filed preliminary objections to DGS' petition for review, and they argue that this Court lacks original subject matter jurisdiction to issue a declaratory judgment in claims that are within the exclusive jurisdiction of the Board. The Board further argues that declaratory judgment is unavailable in cases that are not ripe for judicial determination and that DGS' petition for review fails to state a legally sufficient claim that the Board is statutorily limited in the amount that it may award to Respondent Contractors.[2]

## II

The Court first addresses the preliminary objection of the Board and Respondent Contractors that this Court lacks original subject matter jurisdiction to issue a declaratory judgment on claims that are within the exclusive jurisdiction of the Board. This Court's original jurisdiction is governed by Section 761 of the Judicial Code, *as amended,* 42 Pa.C.S. § 761, which provides in pertinent part:

(a) **General Rule.**—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

---

1. The total project appropriation includes $128,214,000 from a Capital Budget Allocation, $11,193,158.24 in funds authorized by the Governor under Section 2401.1 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by Section 9 of the Act of July 22, 1975, P.L. 75, 71 P.S. § 631.1, and $548,601.24 in additional funds committed by the Department of Corrections. *See* Petition for Review ¶ 33.

2. In ruling upon preliminary objections the Court must accept as true all well-pleaded allegations of material fact as well as all infer-

ences reasonably deducible therefrom, but the Court need not accept conclusions of law or expressions of opinion. *Allegheny Sportsmen's League v. Ridge,* 790 A.2d 350 (Pa. Cmwlth.2002), *aff'd sub nom. Allegheny County Sportsmen's League v. Rendell,* 580 Pa. 149, 860 A.2d 10 (2004). For preliminary objections to be sustained, it must appear with certainty that the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party by refusing to sustain the preliminary objections. *Id.; Envirotest Partners v. Department of Transportation,* 664 A.2d 208 (Pa.Cmwlth.1995).

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

. . .

(iv) actions or proceedings conducted pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act;

. . . .

(2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings.

The Board argues that under Section 761(a)(1)(iv) of the Judicial Code, 42 Pa. C.S. § 761(a)(1)(iv), this Court's original jurisdiction does not extend to claims arising out of contracts entered into by the Commonwealth and over which the Board has exclusive jurisdiction. The Board points out that Section 1725(e)(1) of the Commonwealth Procurement Code (Procurement Code), 62 Pa.C.S. § 1725(e)(1), authorizes it to enter awards that claimants are "legally entitled to receive." It relies on the Supreme Court's observation in *Employers Ins. of Wausau v. Department of Transportation*, 581 Pa. 381, 396 n10, 865 A.2d 825, 834 n10 (2005), that the Board in its exclusive jurisdiction might decide whether the agency in that case had available funds to satisfy the surety insurance company's equitable subrogation and assignment claims arising out of a contract between the agency and a construction company for the construction of a bridge. The Supreme Court reversed this Court's order granting preliminary objections and remanded the case to this Court for transfer of the claim to the Board.

DGS counters that this Court has original jurisdiction pursuant to Section 761(a)(2) of the Judicial Code, 42 Pa.C.S. § 761(a)(2), because the declaratory judgment complaint is an action *by* a Commonwealth agency and the "exception to this Court's original jurisdiction to entertain [civil] actions *against* the Commonwealth government that fall within the Board of Claims Act does not apply to the action for declaratory judgment asserted by DGS . . . ." DGS Brief at 19. It maintains that Section 761(a)(1)(iv) does not apply because this declaratory judgment action is not a civil action against the Commonwealth that would fall under the Board's concurrent jurisdiction. DGS argues that *Employers Ins. of Wausau* is distinguishable as the surety there sought equitable relief from the Court arising out of a contractor's contract with the agency whereas here DGS, a Commonwealth agency, is the petitioner.

Instead, DGS relies upon *Mechanical Contractors Ass'n of Eastern Pennsylvania, Inc. v. Department of Education*, 860 A.2d 1145 (Pa.Cmwlth.2004), to support its contention that its action falls squarely within the Court's original jurisdiction under Section 761 of the Judicial Code. Declaratory relief was granted by this Court to determine the validity of the Department of Education's waiver of the separate prime contract requirements of Section 1 of the Act known as the Separations Act, Act of May 1, 1913, P.L. 155, *as amended*, 71 P.S. § 1618, regarding the duty of persons preparing specifications for the erection, construction and alteration of public buildings when the cost exceeds $4000. The Philadelphia School District relied on the Department's waiver when it entered into contracts for construction of new school buildings and for renovations and additions to existing buildings. The Court noted that declaratory relief may be rendered to determine the validity of acts of public officials, and it granted summary relief to contractors who had argued that the Department had no authority to exempt the school district from complying

with requirements of the Separations Act to obtain separate bids for plumbing, heating, ventilation and electrical work on building projects.

### III

Declaratory judgments may be obtained in this Court's original jurisdiction only for purposes of affording relief from uncertainty and insecurity regarding legal rights, status and other relations between the parties. *See* 42 Pa.C.S. § 7541(a); *Department of Auditor General v. State Employees' Retirement System*, 836 A.2d 1053 (Pa.Cmwlth.2003), *subsequent determination*, 860 A.2d 206 (Pa.Cmwlth.2004). This Court may not grant declaratory relief in matters within the exclusive jurisdiction of a tribunal other than a court. 42 Pa.C.S. § 7541(c)(2). A tribunal has been defined to include "a government unit ... when performing quasi-judicial functions." 42 Pa.C.S. § 102; *see also Blackwell v. State Ethics Commission*, 125 Pa.Cmwlth. 42, 46 n2, 556 A.2d 988, 989 n2 (1989), *aff'd in part and remanded in part*, 527 Pa. 172, 589 A.2d 1094 (1991).

The parties do not dispute that the Board is an administrative tribunal with exclusive jurisdiction to adjudicate the underlying contract claims brought by Respondent Contractors against DGS arising out of the construction project. Under Section 1724(a) of the Procurement Code, 62 Pa.C.S. § 1724(a), the legislature vested the Board with exclusive jurisdiction to resolve claims arising out of Commonwealth contracts:

> **(a) Exclusive jurisdiction.**—The board shall have exclusive jurisdiction to arbitrate claims arising from ... the following:
>
> > (1) A contract entered into by a Commonwealth agency in accordance with this part and filed with the board in accordance with section 1712.1 (relating to contract controversies).

Section 1712.1(a) of the Procurement Code, 62 Pa.C.S. § 1712.1(a), provides, *inter alia*, that "[a] contractor may file a claim with the contracting officer in writing for controversies arising from a contract entered into by the Commonwealth." Section 1725(e)(1) establishes a process through which the Board adjudicates these claims, and it provides in part as follows:

> **(e) Decision.**—
>
> > (1) After considering the pleadings and the testimony given at the hearing before it, the board shall file a written opinion either dismissing the claim of the claimant or ordering an award in favor of the claimant. If the board orders an award, the board shall order an amount which the claimant is legally entitled to receive ....

A party may appeal a final Board order to this Court pursuant to Section 763 of the Judicial Code, *as amended*, 42 Pa.C.S. § 763,[3] defining this Court's appellate jurisdiction, within thirty days of the final order. *See* 62 Pa.C.S. § 1725(f).

---

**3.** 42 Pa.C.S. § 763 provides, in pertinent part:

(a) **General rule.**—Except as provided in subsection (c), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies in the following cases:

(1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) or otherwise and including appeals from the Board of Claims, the Environmental Hearing Board, the Pennsylvania Public Utility Commission, the Unemployment Compensation Board of Review and from any other Commonwealth agency having Statewide jurisdiction.

(2) All appeals jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.

The Court emphasizes that the legislature excluded proceedings conducted by the Board when the legislature enacted the law governing this Court's original jurisdiction. *See* 42 Pa.C.S. § 761(a)(1)(iv). In *Employers Ins. of Wausau* the Supreme Court again clarified that the Board has exclusive jurisdiction in matters involving claims arising out of contracts with the Commonwealth, stating:

> The legislature created the Board of Claims in 1937, and conferred upon it the exclusive power to arbitrate claims arising from contracts entered into by the Commonwealth. *See Emergency Medical Services Council of Northwestern Pennsylvania, Inc. v. Dept. of Health,* 499 Pa. 1, 451 A.2d 206, 209 (1982). The main purpose of the Board of Claims is to provide an independent administrative body and a comprehensive plan to adjudicate claims arising from contracts entered into by the Commonwealth. As we explained in *Emergency Medical Services:*
>
> > The Board of Arbitration of Claims can award monetary damages for breach of contract. The legislature has provided in accordance with its power under Art. 1, Sec. 11 of the Pennsylvania Constitution, that all claims against the Commonwealth arising from contracts shall be heard by the Board of Arbitration of Claims. This Board has exclusive jurisdiction of contract claims pursuant to the Act of May 20, 1937. The Act created a special forum, specified the nature of claims to be considered [claims of or over three hundred dollars], and limited the remedy to monetary damages. *Vespaziani v. Dept. of Revenue,* [40 Pa.Cmwlth. 54,] 396 A.2d 489 (1979); *Brocker Mfg. & Supply Co., Inc. v. United Bonding & Insurance Company,* [8 Pa.Cmwlth. 110,] 301 A.2d 438 (1973).

> With the passage of the Commonwealth Court Act, and the creation of that court's jurisdiction, the legislature carefully provided that the jurisdiction of the newly created court would not repeal, modify, or supplant the jurisdiction of the Board. When the ban imposed by the common law doctrine of sovereign immunity was abrogated, to clarify the Commonwealth Court's power to intervene in these matters with equitable relief, the legislature modified Section 4651 (72 P.S. § 4651-4) by inserting the word 'exclusive' to emphasize that only the Board should hear these matters.

[499 Pa. at 8,] 451 A.2d at 209.

Thus, when the legislature passed the Pennsylvania Sovereign Immunity Act of October 5, 1978, it recognized that claims arising from contracts involving the Commonwealth could sound in both assumpsit and equity, and expressly provided that, regardless of form, these claims should be decided by the Board of Claims. It is thus readily apparent that Pennsylvania's legislative scheme intended to vest the Board of Claims with expansive jurisdiction to decide disputes concerning contracts involving the Commonwealth, regardless of a given case's peculiar path to the Board.

*Employers Ins. of Wausau,* 581 Pa. at 392–393, 865 A.2d at 832–833.

The Board and Respondent Contractors argue that the constitutional issues raised by DGS in its declaratory judgment action must be decided by the Board within its exclusive jurisdiction. In *Blackwell* the Court considered whether it was precluded from granting declaratory relief in an action where the State Ethics Commission claimed that the constitutional issue presented was within its exclusive jurisdiction

to decide. Certain Philadelphia city council members contended that an Ethics Commission investigation of them was precluded by the home rule authority granted to the City of Philadelphia by Article IX, Section 2 of the Constitution, and they filed an action requesting declaratory relief. This Court overruled the Ethics Commission's preliminary objection based on lack of jurisdiction, explaining that declaratory relief was available because the constitutional issues presented went to the heart of the Ethics Commission's authority to investigate the city council members. It stated the following:

> In *Myers v. Department of Revenue*, 55 Pa.Cmwlth. 509, 423 A.2d 1101 (1980), we recognized that a statutory remedy is exclusive unless the jurisdiction of the courts is expressly preserved. However, in *Myers*, we were equally cognizant that challenges which go to the heart of a department or agency's power ... are beyond the scope of statutorily prescribed remedies.
>
> ... When a statute provides for an exclusive remedy which calls for specialized fact-finding and/or application of an agency's administrative expertise, declaratory relief is not properly granted. When, however, challenges—particularly constitutional challenges—are set forth questioning the *validity of a statute itself* or questioning the *scope* of a governmental body's action pursuant to statutory authority, then the Declaratory Judgments Act is properly invoked, because "the existence of an alternative remedy shall not be a ground for refusal to proceed...." 42 Pa.C.S. § 7537; *Allegheny Ludlum [Steel Corp. v. Pennsylvania Public Utility Commission, 67 Pa.Cmwlth. 400, 447 A.2d 675 (1982), aff'd, 501 Pa. 71, 459 A.2d 1218 (1983)]*.

Of course, even constitutional challenges to the validity of an agency's action must be pursued through the usual appellate process. *Myers.*

*Blackwell,* 556 A.2d at 990–991 (emphasis in original) (footnotes omitted).

Additionally, in *Allegheny Ludlum* this Court noted that "[d]eclaratory judgment is the proper procedure to determine whether a statute violates the constitutional rights of those whom the statute affects." *Id.,* 447 A.2d at 679 (citing *Snider v. Shapp,* 45 Pa.Cmwlth. 337, 405 A.2d 602 (1979)). The Court concluded that the Public Utility Commission (PUC) did not have exclusive jurisdiction to determine whether constitutional due process was violated when rate increases were imposed without public participation, and it overruled the PUC's preliminary objections to the request for declaratory relief.

In *Myers* this Court sustained a preliminary objection filed by the Department of Revenue to a request for a declaration as to the constitutionality of a statutory provision of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7101–10004, relating to jeopardy assessment procedures. The Court noted that "while statutory remedies are not rendered inappropriate merely because a constitutional issue is raised, an administrative agency cannot determine the constitutionality of its own enabling legislation[;]" however, challenges relating to possible constitutional defects in the statutory jeopardy assessment procedures could be addressed by administrative tribunals. *Myers,* 423 A.2d at 1104 (citing *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974)).[4]

---

**4.** *Compare Ruszin v. Department of Labor and Industry, Bureau of Workers' Compensation,* 675 A.2d 366 (Pa.Cmwlth.1996) (overruling preliminary objections in action seeking dec-

## IV

DGS contends in its action that an award of damages by the Board in the underlying contract claims that exceeded the available balance of funds appropriated for the construction project would violate Article III, Section 24 and Article VIII, Section 7(a) of the Constitution. Article III, Section 24 provides:

> No money shall be paid out of the treasury, except on appropriations made by law and on warrant issued by the proper officers; but cash refunds of taxes, licenses, fees, and other charges paid or collected, but not legally due, may be paid, as provided by law, without appropriation from the fund into which they were paid on warrant of the proper officer.

Article VIII, Section 7(a) provides that no debt shall be incurred by or on behalf of the Commonwealth except by law and pursuant to the provisions of that section. Clearly, DGS' request for declaratory relief does not concern the constitutionally of an enabling statute or whether a statute violates individual constitutional rights; nor does DGS indicate the statutory authority beyond which the Board's ruling would extend if it were to award damages to Respondent Contractors in excess of those funds allegedly available for distribution.

The Supreme Court held unequivocally in *Employers Ins. of Wausau* that the Board has exclusive jurisdiction over claims arising out of Commonwealth contracts, leaving this Court with but one conclusion to reach under the facts presented. Moreover, in response to the agency's argument in *Employers Ins. of Wausau* that the surety could not recover as a matter of law because the agency no longer had funds against which to set off, the Supreme Court stated that it was for the Board to determine this issue within its exclusive jurisdiction. The Court must reach the same result here and, as a result, shall sustain the preliminary objection of the Board and Respondent Contractors raising this Court's lack of original subject matter jurisdiction.

In conclusion, the Court shall dismiss DGS' petition for review in the nature of a complaint for declaratory judgment and permit the Board to proceed with its disposition of Respondent Contractors' claims arising out of their contracts with DGS. Based on its ruling, the Court need not address the Board's remaining preliminary objections or the arguments presented thereon, except to note the Court's disagreement with DGS' assertions that certain statements made in the Board's brief indicate that it cannot render an impartial decision in this matter. The Board has not signaled how it will decide Respondent Contractors' underlying claims, and, as the Supreme Court noted in *Employers Ins. of Wausau*, the Board ultimately may decide that the agency had no corpus from which to satisfy the claim. The Court dismisses DGS' petition for review.

Judge LEADBETTER concurs in the result only.

### ORDER

AND NOW, this 16th day of August, 2005, the Court sustains the preliminary objections filed by the Board of Claims and Respondent Contractors raising this Court's lack of original subject matter jurisdiction, and it hereby dismisses the petition for review in the nature of a complaint

---

laration that statutory amendment reducing time to file workers' compensation claim for total hearing loss was unconstitutional as

workers' compensation tribunal did not have exclusive jurisdiction to decide constitutionality of enabling statute).

for declaratory judgment filed by the Department of General Services.