COMMONWEALTH of Pennsylvania, OFFICE OF ATTORNEY GENERAL by Thomas W. CORBETT, Jr., Attorney General, Petitioner

v.

LOWER OXFORD TOWNSHIP, Lower Oxford Township Board of Supervisors, Respondents.

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2006.

Decided Dec. 12, 2006.

Michael T. Killion, Deputy Attorney General, Harrisburg, for petitioner.

Andrew J. Bellwoar and Michael G. Crotty, Chester Springs, for respondent, Lower Oxford Township.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Before this court are the preliminary objections filed by Lower Oxford Township and the Lower Oxford Township Board of Supervisors (Lower Oxford) in response to the Petition for Review (Petition) filed in this court's original jurisdiction by the Commonwealth of Pennsylvania, Office of Attorney General By Thomas W. Corbett, Jr., Attorney General (Attorney General). We sustain Lower Oxford's preliminary objections and dismiss the Petition without prejudice.

Chapter three of the Agricultural Code (ACRE), 3 Pa.C.S. §§ 311–318, which took effect July 6, 2005, deals with local regulation of normal agricultural operations so that such operations are consistent with

state policies and statutes.[1] To that end, section 313 of ACRE, in relevant part, provides:

(a) Adoption and enforcement of unauthorized local ordinances—A local government unit *shall not adopt nor enforce an unauthorized local ordinance.*[2]

(b) *Existing local ordinances*—This chapter [ACRE] shall apply to *the enforcement of local ordinances existing on the effective date of this section* and to the enactment or enforcement of local ordinances enacted on or after the effective date of this section.

. . . .

3 Pa.C.S. § 313 (emphasis added).

On or about November 2, 2005, pursuant to section 314(a) of ACRE, 3 Pa.C.S.

1. Section 312 of ACRE, 3 Pa.C.S. § 312, adopts the definition of "normal agricultural operation" in section 2 of the Right to Farm Act, Act of June 10, 1982, P.L. 454, *as amended*, 3 P.S. § 952. Section 2 of the Right to Farm Act defines a "normal agricultural operation" as:

[t]he activities, practices, equipment and procedures that farmers adopt, use or engage in the production and preparation for market of poultry, livestock and their products and in the production, harvesting and preparation for market or use of agricultural, agronomic, horticultural, silvicultural and aquacultural crops and commodities and is:
(1) not less than ten contiguous acres in area; or
(2) less than ten contiguous acres in area but has an anticipated yearly gross income of at least $10,000.
The term includes new activities, practices, equipment and procedures consistent with technological development within the agricultural industry. Use of equipment shall include machinery designed and used for agricultural operations, including, but not limited to, crop dryers, feed grinders, saw mills, hammer mills, refrigeration equipment, bins and related equipment used to store or prepare crops for marketing and those items of agricultural equipment and machinery defined by the act of December 12, 1994[, P.L. 944, 3 P.S. §§ 1901–1915],

§ 314(a),[3] the operator of a mushroom composting facility located in Lower Oxford requested the Attorney General to review the Zoning Ordinance of Lower Oxford Township (Ordinance), enacted on March 24, 2004, and to determine whether to bring legal action against Lower Oxford. Following his review, the Attorney General filed the Petition, pursuant to section 315 of ACRE, 3 Pa. C.S. § 315, which authorizes the Attorney General to bring an action against a local government unit in Commonwealth Court to invalidate an unauthorized local ordinance or enjoin the enforcement of an unauthorized local ordinance. In the Petition, the Attorney General asserts that certain sections of the Ordinance violate ACRE,[4] (Petition ¶ 17; Exh. B.), and seeks declaratory and in-

known as the Farm Safety and Occupational Health Act. Custom work shall be considered a normal farming practice.
3 P.S. § 952.

2. Section 312 of ACRE defines an "unauthorized local ordinance" as:

[a]n ordinance enacted or enforced by a local government unit which does any of the following:
(1) *Prohibits or limits a normal agricultural operation unless the local government unit:*
(i) has expressed or implied authority under State law to adopt the ordinance; and
(ii) is *not prohibited or preempted under State law* from adopting the ordinance.
(2) Restricts or limits the ownership structure of a normal agricultural operation.
3 Pa.C.S. § 312 (emphasis added).

3. Section 314(a) of ACRE provides:

[a]n owner or operator of a normal agricultural operation may request [the Attorney General] to review a local ordinance believed to be an unauthorized local ordinance and consider whether to bring legal action under section 315(a) (relating to right of action).
3 Pa.C.S. § 314(a).

4. The provisions of the Ordinance challenged, sections 1421(A)(3), (A)(7)-(9), (A)(20), (C)(3), (C)(5)-(6), pertain to commercial composting

junctive relief. Specifically, the Attorney General asks this court to invalidate these provisions of the Ordinance and to enjoin Lower Oxford from attempting to enforce the challenged provisions. The Petition does not indicate that Lower Oxford has attempted to enforce any of the challenged sections of the Ordinance.

■ Lower Oxford filed preliminary objections in the nature of a demurrer challenging the legal sufficiency of the Petition and requesting that the court dismiss the Petition.[5] Relying on section 313(b) of ACRE, 3 Pa.C.S. § 313(b), Lower Oxford asserts that the Attorney General lacks the authority to bring the instant action under ACRE because the Attorney General failed to plead facts averring that

Lower Oxford has acted to enforce the challenged provisions of the Ordinance, all of which pre-existed ACRE.

■ The Attorney General counters that sections 313(a) and 315(a) of ACRE provide him with the requisite authority. The Attorney General points out that section 313(a), specifically prohibits local government units, like Lower Oxford, from *adopting or enforcing* unauthorized local ordinances, 3 Pa.C.S. § 313(a), and section 315(a) expressly authorizes the Attorney General to bring an action to invalidate or enjoin the enforcement of an unauthorized ordinance without regard to whether the ordinance was enacted before or after ACRE's effective date.[6] 3 Pa.C.S.

processing operations as defined by section 200 of the Ordinance, *see* Petition ¶ 7, and require: (1) an applicant to submit a water feasibility study evaluating the impact of the proposed composting activity on groundwater supplies and existing wells; (2) setbacks from residential districts for processing or storage of compost; (3) an applicant to submit a plan demonstrating safe access to the site and the control of odors and blowing litter; (4) all composting activities be conducted in a completely enclosed building; (5) setbacks from any wells, springs, lakes and/or streams; (6) proposed composting activity shall not create a nuisance or impose a hardship on adjoining property owners; (7) the composting activities to be properly fenced; and (8) the activity must be maintained so that it does not create a nuisance or endanger adjoining property from uneven settlement, emission of gases and potential vandalism. (Petition ¶¶ 9–16.) The Attorney General avers that these sections of the Ordinance are invalid under ACRE and/or preempted by, *inter alia,* the Nutrient Management Act, 3 Pa.C.S. §§ 501–520, the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202, the Agriculture Area Security Law, Act of July 30, 1981, P.L. 128, *as amended,* 3 P.S. §§ 901–915, and the Right to Farm Act. (Petition ¶¶ 35–39, 49, 52, 55.)

5. In ruling on preliminary objections, the court must accept as true all well-pled allega-

tions of material fact as well as all inferences reasonably deducible therefrom. *Department of General Services v. Board of Claims,* 881 A.2d 14 (Pa.Cmwlth.2005). However, the court need not accept conclusions of law or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party by refusing to sustain the preliminary objections. *Id.*

6. The Attorney General also claims authority to bring this action based on the general rule of law allowing for those who are or will be affected by the enforcement of a law to seek review of the law by alleging that the law is illegal or invalid. *See Hydropress Environmental Services, Inc. v. Township of Upper Mount Bethel,* 575 Pa. 479, 836 A.2d 912 (2003) (waste-processing company challenging the provisions of an ordinance requiring the company to pay for road improvements); *Arsenal Coal Company v. Department of Environmental Resources,* 505 Pa. 198, 477 A.2d 1333 (1984) (regulated mining company challenging the validity of regulations pertaining to anthracite mining); *Rouse & Associates v. Pennsylvania Environmental Quality Board,* 164 Pa.Cmwlth. 326, 642 A.2d 642 (1994) (land developer challenging the redesignation of a creek from a less environmentally protected level to a more environmentally protected level). However, in the cases cited, the

§ 315(a). However, we agree with Lower Oxford.

Although the Attorney General is correct that section 315(a) authorizes him to bring an action to invalidate or enjoin the enforcement of unauthorized local ordinances under section 313(a), the Attorney General fails to consider section 313(b) of ACRE. This section specifically addresses ACRE's application to ordinances that existed prior to the effective date of section 313, such as the Ordinance challenged in the Petition here, and states that with regard to such ordinances, ACRE applies only to their *enforcement*. 3 Pa.C.S. § 313(b). Thus, we agree with Lower Oxford that in order for the Attorney General to state a cause of action under ACRE, he must aver facts in the Petition to indicate that Lower Oxford has *attempted to enforce* the challenged provisions of the Ordinance.

The Attorney General contends that he has pleaded sufficient facts in the Petition because Lower Oxford's action of *enacting* the Ordinance and *maintaining* the Ordinance's provisions "on the books" constitutes all the "enforcement" necessary to support a claim under ACRE. We cannot agree.

ACRE does not define the terms "enforce" or "enforcement;" however, the "enforcement" of local ordinances is addressed in the MPC and in section 1601 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S.

§ 66601, both of which provide guidance in the present matter. The MPC, which authorizes local municipalities to enact and enforce zoning regulations, *see* sections 601 and 616.1 of the MPC, 53 P.S. §§ 10601, 10616.1,[7] provides that a municipality shall initiate *enforcement* proceedings against a party by sending an *"enforcement* notice" to the alleged violating party. The MPC further authorizes a municipality to take any appropriate action to prevent, restrain, correct or abate a violation including the commencement of civil enforcement proceedings that may result in the violating party paying a civil judgment or fine. *See* sections 616.1, 617 and 617.2 of the MPC, 53 P.S. §§ 10616.1, 10617–10617.2.[8] Sections 1601(c.1)(1), (2) and (4) of the Second Class Township Code authorize a township to *enforce* an ordinance through civil *enforcement* (civil penalties), equitable *enforcement* or *enforcement* by initiating summary offense proceedings before a district justice. 53 P.S. §§ 66601(c.1)(1), (2), (4). As these provisions clearly illustrate, in order to *enforce* an ordinance, a municipality must go beyond merely maintaining the enacted ordinance "on the books;" the municipality must take affirmative action to compel compliance with the ordinance or penalize noncompliance.

After reviewing the Attorney General's pleadings, we agree with Lower Oxford that the Petition fails to aver facts that state a cause of action under ACRE; specifically, the Petition fails to aver that Lower Oxford has attempted to enforce

---

challenges to the validity of the laws were brought by those parties who would have been directly affected, i.e., aggrieved, by the enforcement of the laws, not by the Attorney General. The interest of the party who will be affected by the alleged illegal law must be distinguishable from the interest shared by all of the citizens. *Id.* In the present matter, the interest of the Attorney General cannot be distinguished from the interest shared by all citizens; thus, the Attorney General's reliance

on these cases to support *his authority* to bring an action under ACRE is misplaced.

**7.** Section 616.1 was added by the Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 10616.1.

**8.** Section 617.2 was added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2.

the alleged invalid provisions of the Ordinance. Accordingly, we sustain Lower Oxford's demurrer and dismiss the Attorney General's Petition without prejudice.

## ORDER

AND NOW, this 12th day of December, 2006, the preliminary objections filed by Lower Oxford Township and the Lower Oxford Township Board of Supervisors are hereby sustained, and the Petition for Review filed by the Commonwealth of Pennsylvania, Office of Attorney General By Thomas W. Corbett, Jr., Attorney General seeking declaratory judgment and injunctive relief is hereby dismissed without prejudice.