532 A.2d 1238

Allen E. Walch, Father and Natural Guardian of Cathy Walch, a Minor, Appellant *v.* Red Hill Borough and Commonwealth of Pennsylvania, Appellees.

Argued September 15, 1987, before Judges CRAIG and MACPHAIL, and Senior Judge NARICK, sitting as a panel of three.

*Ronald R. Bolig,* with him, *Robert A. Lechowicz, Rufe and Lechowicz,* for appellant.

*Jay H. Karsch, Eastburn and Gray,* for appellee, Borough of Red Hill.

OPINION BY JUDGE CRAIG, October 29, 1987:

Allen E. Walch, father and natural guardian of Cathy Walch, appeals an order of Court of Common Pleas of Montgomery County dismissing Mr. Walch's complaint and sustaining Red Hill Borough's demurrer. Judge BROWN concluded that the borough had no duty or responsibility regarding the establishment of traffic control measures on Main Street, which is also Pennsylvania State Route 29, where the accident at issue occurred. We affirm.

On June 8, 1983, the minor Walch, while attempting to cross that street to get to school at Red Hill Elementary was struck by an automobile and seriously injured. No school zone crossing existed.

Mr. Walch filed a complaint against the Commonwealth of Pennsylvania and the borough, alleging, among, other things, that the borough was negligent in failing to provide safe and adequate means of regulating the flow of traffic on the highway.

In his appeal, Mr. Walch contends that the common pleas court erred in concluding (1) that the borough did not exercise control or supervision of the highway, and (2) that the borough had no duty to install traffic control measures to protect school students.

Of course, the essential elements of a cause of action in negligence are (1) a duty on the part of the defendant to conform to a certain standard of conduct with respect to the plaintiff, (2) a failure by the defendant to conform to that standard and (3) a reasonably close causal connection between the defendant's conduct and the resulting injury to the plaintiff. *Cummins v. Firestone Tire & Rubber Co.,* 344 Pa. Superior Ct. 9, 495 A.2d 963 (1985).

Although the complaint makes averments concerning the defendants' failure to supervise and maintain Route 29 properly, it does not identify which of the defendants has the responsibility and hence does not identify the borough as the subject of those averments. Because Route 29 is a state highway, the Commonwealth has exclusive authority over it. *Calvanese v. Leist,* 70 Pa. Commonwealth Ct. 251, 452 A.2d 1125 (1982); *Rinaldi v. Giblin,* 70 Pa. Commonwealth Ct. 253, 452 A.2d 1126 (1982). Moreover, absent a statutorily imposed duty, a municipality has no duty to warn or give notice to the Commonwealth of any dangerous condition of which it becomes aware. *Calvanese,* 70 Pa. Commonwealth Ct. at 253, 452 A.2d at 1126.

Accordingly, the trial court was correct in concluding that the borough had no duty to supervise the highway in question.

The common pleas court did not address the second issue raised by Mr. Walch, whether the borough had a duty to establish a school zone pursuant to 67 Pa. Code §201.32. We conclude that no such duty existed.

Mr. Walch contends that, in view of the special speed limitations for school zones imposed by the Vehicle Code, 75 Pa. C. S. §3365(b), municipalities must establish school zones in accordance with 67 Pa. Code §201.32, which provides:

§201.32 School-zone speed limits

(a) *Elements of engineering and traffic studies.*

. . . .

(b) *Criteria.* A 15-miles-per-hour school-zone speed limit is mandatory within a school zone during the normal hours students are going to or leaving school.

(c) *Application.* Municipal officials shall be responsible for making all engineering and traf-

fic studies and erecting all traffic-control devices for school-zone speed limits on all highways. The Department will, however, be responsible for approving the establishment of all school zones, including their location and hours of operation, except municipal officials will be responsible for approving school zones at the following locations . . . .

67 Pa. Code §201.32.

However, that regulation does not allocate responsibility for the establishment of a school zone; it merely describes the responsibility of municipal officials whenever the advisability of a school zone is being considered. The first sentence of subparagraph (c) does not impose a mandatory duty on municipal officials to establish a school zone; it merely makes local officials responsible for any traffic studies needed, and once the Department of Transportation has approved a school zone proposal, for placing the traffic control devices. Although 67 Pa. Code §211.1 sets forth the definition of a school zone as "the section of the highway in the vicinity of a school where school children, school traffic, or their activities are sometimes considered to affect traffic on the highway . . . ," it is silent regarding the creation of a school zone, and imposes no obligation to act.

Mr. Walch cites no other authority imposing on the borough the duty to create a school zone, and our research has uncovered none. Accordingly, the trial court correctly sustained the borough's preliminary objections.

Finally, Mr. Walch contends that he should be granted leave to amend his complaint. Although it is true that "the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully," *Otto v. American Mutual Insurance Company*, 482 Pa. 202, 205, 393

A.2d 450, 451 (1978), a court's discretion in granting leave to amend "does not encompass a duty in the courts to allow successive amendments when the initial pleading indicates that the claim asserted cannot be established." *Wimbish v. School District of Penn Hills*, 59 Pa. Commonwealth Ct. 620, 626, 430 A.2d 710, 713 (1981).

Mr. Walch contends that, if granted the opportunity to amend his complaint, he could "expand on . . . theories of liability." However, his brief does not support that claim by describing any theory of liability beyond the approach resolved by this decision. We therefore affirm Judge BROWN's order sustaining the borough's preliminary objections.

### ORDER

NOW, October 29, 1987, the order of the Court of Common Pleas of Montgomery County, No. 85-0854, dated November 18, 1986, in the above-captioned matter is hereby affirmed.