Joseph PILCHESKY, Petitioner

v.

Edward RENDELL, Governor, State Senator Robert Mellow, Democratic Caucus Leader, Representative Wm. DeWeese, House Majority Leader, Pa. State Senate President Pro Tempore, Joseph Scarnati, House of Representatives Speaker of the House, Dennis O'Brien, City Counsel of the City of Scranton, Mayor Chris Doherty of City of Scranton, The University of Scranton, Inc., Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 6, 2007.

Decided Aug. 13, 2007.

Joseph Pilchesky, petitioner, pro se.

James F. Tierney, Scranton, for respondent, State Senator Robert Mellow. Jonathan F. Bloom, Philadelphia, for respondents, Representative Wm. DeWeese and House of Representatives Speaker of the House, Dennis O'Brien. Anthony R. Holtzman, Harrisburg, for respondent, Pa. State Senate President Pro Tempore. Alan P. Schoen, Scranton, for respondent, Mayor Chris Doherty. J. Timothy Hinton, Jr., Scranton, for respondent, the University of Scranton, Inc.

BEFORE: COLINS, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COLINS.

Joseph Pilchesky has filed an amended petition for review seeking a declaratory judgment and injunctive relief, to which the Respondents have filed preliminary objections which the Court will now address.[1]

As Senior Judge Feudale succinctly noted, this matter involves

> the transfer of a 10–acre Complex that was known as the "South Side Complex." The Complex, which was purchased in 1977 with "Project 70" funds, was dedicated as a public park and carried restrictions as to the use of the

Complex. In December, 2002, the Mayor of Scranton forwarded to the City Council a request for an ordinance to approve the transfer of the South Side Complex to the Redevelopment Authority of Scranton. The Redevelopment Authority prepared a memorandum of understanding to convey the Complex to the University of Scranton.

> City Council passed the ordinance and the General Assembly enacted Act 52 of 2003, authorizing the transfer free and clear of Act 70 restrictions. The property was conveyed finally to the University in November, 2006.

(Slip. Op., p. 1–2)

The amended petition raises constitutional challenges to the passage of Act 52 of 2003, and also challenges the authority of the City of Scranton to pass the Ordinance authorizing the transfer of the South Side Complex (Complex). The petition includes three counts: (1) a challenge to the constitutionality of Act 52 because it allegedly violates Art. 1, Section 27 of the Pennsylvania Constitution, pertaining to environmental rights (Count I); (2) a challenge that Act 52 is ultra vires by virtue of the alleged unconstitutionality of the Act under Art.1, Section 27 and the common law doctrine set forth by the Pennsylvania Supreme Court in *Board of Trustees of Philadelphia Museums v. Trustees of the University of Pennsylvania*, 251 Pa. 115, 96 A. 123 (1915), referred to as the Public Trust Doctrine of 1915 (Count II); and (3) the passage of the City's ordinance authorizing the transfer is unconstitutional and ultra vires (Count III).

### 1. Governor Rendell

■ Governor Rendell's preliminary objections assert that the petition fails to

---

1. This Court, in a single-judge decision by Senior Judge Feudale dated March 9, 2007, denied Pilchesky's request for injunctive relief in his initial petition for review, after concluding that this Court, on the merits of the preliminary objections, would likely decide that the Court lacks jurisdiction over the Commonwealth Respondents.

state a claim for which the Court may grant relief and that the averred facts do not establish that Act 52 has affected Pilchesky in a unique manner to give him standing to assert the claims in the petition or taxpayer standing. We agree with the Governor's position that the pleaded facts are insufficient to state a claim against him. As the Governor notes, Pilchesky has pleaded only that Edward Rendell is the Governor and in that capacity he signed Senate Bill 850 into law without first inquiring whether the Complex was protected by a public trust or seeking an opinion of the Attorney General regarding the constitutionality of Senate Bill 850. These factual averments are simply insufficient to establish any liability on the part of the Governor, and Pilchesky has cited to no legal authority for the proposition that a governor has a duty to make such inquiries before signing legislation. Because Pilchesky has failed to state a claim against Governor Rendell, we will sustain this preliminary objection and we need not address the Governor's remaining objection pertaining to standing. Accordingly, we will dismiss the claims in the petition Pilchesky has brought against the Governor.

2. *The House of Representatives, Speaker of the House Dennis M. O'Brien, and Majority Leader H. William DeWeese (House Parties)*

 The House Parties' preliminary objections include one asserting that they are immune from suit under the Speech and Debate Clause of the Pennsylvania Constitution, Art. 2, Section 15. The Speech and Debate Clause protects the House and its members not merely from actions occurring during session debates. As the House Parties point out, our Supreme Court has stated that all activity that legitimately falls within the legislative sphere is protected. Thus, if the subject activity constitutes "an integral part of the deliberative process and communicative process by which members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the constitution places within the jurisdiction of either House," *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 504, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975), the activity will not subject the particular legislative branch or its individual members to suit. In this case, the amended petition avers facts limited to activities within the legitimate sphere of legislative activities. Pilchesky avers nothing more than that the House of Representatives, and members O'Brien and DeWeese participated in the legislative process. The fact that the petition avers that Act 52 violates a provision of the Pennsylvania Constitution does not preclude the application of the Speech and Debate Clause.[2]

Although Pilchesky argues that the individual members violated their oath of office—an exception to immunity under the Speech and Debate Clause—he has not asserted in his amended petition any facts that support this contention. Although the oath of office does require the promise of an elected official not to violate the Pennsylvania Constitution, it would be ludicrous to conclude that a member of the General Assembly has violated the Constitution by engaging in a legislative process that re-

---

**2.** We note that the inclusion of the House Parties is completely unnecessary for Pilchesky to assert his claim of unconstitutionality under Art. 1, Section 27. He had the opportunity to raise the exact same issues in his action in the Court of Common Pleas of Lackawanna County—a judicial entity that has jurisdiction to address these particular constitutionality issues without the presence of the General Assembly and its members.

sults in the enactment of a law that a Court might ultimately conclude violates a constitutional provision. The enactment might be found to violate a constitutional provision, but a member's participation in the process, without more, simply does not constitute a violation of an oath of office. We reject the argument that legislation that is enacted through a constitutional process but is later determined by a court to violate a constitutional provision renders the enactment process itself unconstitutional. To hold otherwise could subject members of the General Assembly to countless similar challenges for activity within the legitimate legislative sphere.

### 3. Senate Democratic Caucus Leader Robert Mellow

For the reasons stated above in our discussion of the preliminary objections of the House Parties, we will sustain Senator Mellow's preliminary objections raising the Speech and Debate Clause of the Pennsylvania Constitution. Although Pilchesky avers that Senator Mellow made misrepresentations during debates concerning Senate Bill 850, he has asserted no facts that provide an exception to the rule of the Clause providing immunity to members for statements made during the course of debate in the Senate.[3]

### 4. The Senate

■ The Senate asserts that Pilchesky's petition fails to state a cause of action against the Senate, arguing that Act 52 does not violate Art 1, Section 27. We agree. The General Assembly dedicated the Complex for open space, historic and recreational purposes under the authority of the Act of June 22, 1964, P.L. 131, 72 P.S. §§ 3946.1–3946.22, the Project 70 Land Acquisition and Borrowing Act. There is no dispute that the City acquired the land for the Complex under the Project 70 Act. Section 20(b) of the Act, 72 P.S. § 3946.20(b), provides limitations on the alienation of property acquired under the Act by directing that owners of such property may not dispose of the land without the approval of the General Assembly. We believe this provision makes clear that the City of Scranton, which acquired the property under the Project 70 Act, could dispose of the property only if the General Assembly first enacted legislation permitting the transfer. That is exactly what Act 52 did.

We also agree that Art. 1, Section 27 is not implicated. First, the General Assembly adopted the Project 70 Act pursuant to another Article of our Constitution. In addition, we believe that the averments do not support a finding that the Complex is a "natural resource" as contemplated by Art.1, Section 27. We see no need for further discussion of this issue.

■ Finally, the respondents are correct that the common law public trust doctrine does not apply in light of the legislative enactments concerning the Complex. The General Assembly acted pursuant to its authority under Art. VIII, Section 15 of the Pennsylvania Constitution in enacting the Project 70 Act, and it approved the acquisition of the property under that Act.

---

**3.** The President Pro Tempore of the Senate, Joseph Scarnati, has similarly asserted the Speech and Debate Clause as a defense, and this Court will sustain this preliminary objection, included in his demurrer, although we note and agree that Pilchesky, while naming Mr. Scarnati in the caption of his amended petition no where includes him in his amended petition as an individual respondent. The Senate has specifically elected not to rely on the Speech and Debate Clause in its objections to the amended petition. Accordingly, we will consider other grounds upon which it relies in its preliminary objections for the dismissal of Pilchesky's claims against that institution.

Because the General Assembly acted in the first instance under its constitutional authority (in a adopting the Project 70 Act), and in the second instance acted pursuant to its authority under the Act (approving the transfer of the property), we conclude that the amended petition fails to state a claim against the Senate.

Based upon the foregoing, we will sustain the Senate's preliminary objection asserting that Pilchesky has failed to state a claim for which we may grant relief. Because we have sustained the preliminary objections of the Commonwealth-related respondents and dismissed the Counts against those respondents, we must also conclude that we have no jurisdiction to address the preliminary objections of the non-Commonwealth respondents.[4] Accordingly, we must transfer this petition to the Court of Common Pleas of Lackawanna County.

Senior Judge KELLEY concurs in the result.

## ORDER

AND NOW, this 13th day of August 2007, the preliminary objections of (1) Edward Rendell, (2) the House of Representatives, (3) Dennis O'Brien, Speaker of the House, (4) H. William DeWeese, Majority Leader of the House of Representatives, (5) the Senate, (6) Robert Mellow, Minority Leader of the Senate and (7) Joseph Scarnati, President Pro Tempore of the Senate, are sustained. Because the Court lacks jurisdiction over the Petitioner's claims against the remaining respondents, we hereby direct that the remaining claims

are transferred to the Court of Common Pleas of Lackawanna County.

---

4. In his memorandum of law in opposition to the preliminary objections, Pilchesky has asserted an additional claim regarding the legality of Act 52—Art. III, Section 32 of the Pennsylvania Constitution, which pertains to the prohibition of special laws that regulate the affairs of local governments. Pilchesky never mentioned this provision in his amended petition. Therefore, we conclude that Pilchesky has not properly raised this claim. See *Stilp v. Commonwealth*, 910 A.2d 775 (Pa.Cmwlth.2006). Further, we believe this claim has no merit.