**D.Z., Petitioner**

v.

**BETHLEHEM AREA SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 7, 2010.

Decided July 27, 2010.

Kathryn E. Potalivo, Philadelphia, for petitioner.

Glenna M. Hazeltine, Bethlehem, for respondent.

BEFORE: COHN JUBELIRER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this appeal, D.Z. asks whether Special Education Hearing Officer Anne L. Carroll, Esq. (Hearing Officer Carroll) erred in dismissing D.Z.'s due process complaint in which she challenged Bethlehem Area School District's (School District) design and implementation of a Gifted Individualized Education Program (GIEP) for her son, J.Z. (Student). Hearing Officer Carroll concluded that a prior adjudication, which determined Student's GIEP for the period at issue was appropriately designed and properly implemented, barred D.Z.'s complaint. D.Z. recently appealed that prior adjudication to this Court, and we affirmed. *See D.Z. v. Bethlehem Area School District (D.Z.II)*, 2 A.3d 742 (Pa.Cmwlth.2010).

D.Z. represented herself during the proceedings discussed below, although she retained counsel after appealing to this Court. The sole issue she presents is whether, to the extent this Court reverses the order under review in *D.Z. II*, we should vacate that portion of Hearing Officer Carroll's order that relied on that prior order for its *res judicata* effect. Based on our affirmance in *D.Z. II*, we reject D.Z.'s sole assertion here.

As explained in *D.Z. v. Bethlehem Area School District (D.Z.I)*, 2 A.3d 712 (Pa. Cmwlth.2010) and *D.Z. II*, the matters between these parties have a complicated and convoluted history. The relevant portions of that history are briefly summarized as follows.

Between December 2008 and July 2009, D.Z. filed three complaints relating to the gifted education services the School District provided to Student during his 2007–2008 (3rd grade) and 2008–2009 (4th grade) school years. The first complaint resulted in hearings and a June 12, 2009, adjudication by Special Education Hearing Officer Jake McElligott, Esq. (Hearing Officer McElligott). This adjudication is the subject of *D.Z. II*.

Two weeks after Hearing Officer McElligott's decision, D.Z. filed a second complaint regarding Student's gifted education. Special Education Hearing Officer

Deborah G. DeLauro (Hearing Officer De-Lauro) dismissed D.Z.'s complaint on the following grounds: the issues raised were not the proper subject of a due process complaint under Chapter 16 of the Pennsylvania Code; D.Z. sought relief beyond that which could be granted by a hearing officer in this type of proceeding; and, Hearing Officer McElligott previously heard and decided any remaining issues.

D.Z.'s third complaint regarding Student's gifted education for 3rd and 4th grades was filed July 20, 2009. This complaint is currently at issue. Among various challenges, D.Z. challenged the appropriateness (design) and implementation of Student's GIEP for his 3rd and 4th grade school years.[1] The School District moved to dismiss D.Z.'s complaint, asserting that Hearing Officer McElligott decided the issues raised in his decision of June 12, 2009, and, therefore, D.Z.'s complaint was barred by the doctrine of *res judicata.*

In response to the School District's motion to dismiss, D.Z. submitted two revised complaints, treated as motions to amend. Through these revised complaints, D.Z. responded to the School District's motion to dismiss, attempted to further explain the claims asserted in her July 20 complaint, and attempted to include several new issues.

Based on the nature of the claims raised, Hearing Officer Carroll scheduled a telephone conference to admit various documents into the record so that preliminary issues could be decided, including whether a hearing was necessary on D.Z.'s July 20 complaint. D.Z. was uncomfortable with a telephone proceeding, and she agreed the threshold legal issues could be determined based on the parties' submissions.

In turn, Hearing Officer Carroll sent the parties an e-mail outlining the issues, to which D.Z. replied, further clarifying the issues. The School District then filed a second motion and brief opposing the amendments to D.Z.'s July 20 complaint and repeating its request to dismiss the complaint.

Ultimately, Hearing Officer Carroll decided the matter without a hearing. In short, she determined, "it is obvious that [D.Z.] has asserted no issues that either have not been heard, considered and decided by other hearing officers or on which [D.Z.] may obtain an order granting her the relief she requests with respect to either the July 20, 2009 complaint or her proposed amendments to the complaint submitted between August 2 and August 5, 2009." Hearing Officer Carroll, Dec. of 10/30/09, at 11. D.Z. appealed to this Court.

On appeal,[2] D.Z. asserts Hearing Officer Carroll's order dismissing her claims regarding the appropriateness of the GIEP offered and implemented during Student's 3rd and 4th grade school years was based

---

1. D.Z.'s complaint also challenged whether the School District had a right to have its counsel present at GIEP meetings, whether D.Z. was entitled to an independent evaluation of Student at public expense, and whether the School District could instruct Student's classroom teacher to refuse to write a letter of recommendation for Student to attend an out-of-district enrichment program. D.Z. does not appeal Hearing Officer Carroll's determinations on these issues. Petitioner's Br. at 4, n. 1.

2. Our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704: *Lower Merion Sch. Dist. v. Doe,* 878 A.2d 925 (Pa.Cmwlth.2005), *aff'd,* 593 Pa. 437, 931 A.2d 640 (2007).

entirely on the *res judicata*[3] effect of Hearing Officer McElligott's prior decision. D.Z. points out that under Pennsylvania law, "[a] judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal." *Shaffer v. Smith,* 543 Pa. 526, 530, 673 A.2d 872, 874 (1996). D.Z. notes Hearing Officer McElligott's decision is currently on appeal to this Court. *See D.Z. II.* She contends if this Court reverses Hearing Officer McElligott's decision, it no longer carries *res judicata* effect. Thus, she maintains, if we reverse Hearing Officer McElligott's decision, we should also vacate Hearing Officer Carroll's order to the extent it relied on Hearing Officer McElligott's decision.

In *D.Z. II,* we considered D.Z.'s appeal of Hearing Officer McElligott's decision and order, which essentially determined the School District properly designed[4] and implemented Student's GIEP for his 3rd and 4th grade school years. Ultimately, we rejected D.Z.'s assignments of error and affirmed Hearing Officer McElligott's decision.

In her brief here, D.Z. basically concedes that if we affirm Hearing Officer McElligott's decision in *D.Z. II,* an affirmance of Hearing Officer Carroll's deci-sion at issue here is required. Based on our affirmance of Hearing Officer McElligott's decision in *D.Z. II,* we affirm Hearing Officer Carroll's decision here.

## ORDER

**AND NOW,** this 27th day of July, 2010, the order of the Special Education Hearing Officer dated October 30, 2009, at ODR Case # 00085–0910–AS, is **AFFIRMED**.

DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent. The reasoning for my dissent in this case mirrors the reasoning for my dissent, on the same issues, as more fully set forth in *D.Z. v. Bethlehem Area School District (D.Z.II),* 2 A.3d 742 (Pa.Cmwlth.2010), and in *D.Z. v. Bethlehem Area School District (D.Z.I),* 2 A.3d 712 (Pa.Cmwlth.2010). To the extent that the Majority relies upon its prior reasoning in *D.Z. II* in affirming this matter, I would address the merits of the appeal *sub judice,* and reverse and remand in accordance with my prior reasoning in the above-listed precedents.

---

**3.** *Res judicata* bars re-litigation of a claim when the cause of action in one proceeding is identical to that involved in a prior final judgment. *Stilp v. Commonwealth,* 910 A.2d 775 (Pa.Cmwlth.2006). The doctrine applies to administrative agency determinations. *Hall v. Pa. Bd. of Prob. & Parole,* 733 A.2d 19 (Pa.Cmwlth.1999). A party seeking to bar re-litigation of a claim must show the existence of four conditions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and, (4) identity of the quality or capacity of the parties suing or sued. *Stilp.*

**4.** More particularly, Hearing Officer McElligott's decision stated that a previous hearing officer, Special Education Hearing Officer Debra K. Wallet, Esq. (Hearing Officer Wal-let), determined Student's GIEP for his 3rd grade year was properly designed. Hearing Officer McElligott stated, because the parties could not agree on the GIEP for Student's 4th grade year, the GIEP for Student's 3rd grade year remained in effect. *See* 22 Pa.Code § 16.63(a) (prior GIEP in effect at the time of rejection of, and/or subsequent challenge to, newly proposed GIEP remains in effect for a student during the pendency of any such rejection and/or challenge). Because the GIEP that Hearing Officer Wallet determined to be appropriate remained in effect for Student's 3rd and 4th grade years, Hearing Officer McElligott concluded the GIEP for Student's 4th grade year was appropriate as a matter of law.